UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,

v.                                               Case No.     11-20129

VINCENT JOHN WITORT (D-8),

    Defendant.
                                              /

**ORDER DENYING IN PART, GRANTING IN PART REQUEST FOR SUBSTITUTION**

Before the court is a request from Defendant Vincent John Witort to substitute his current, court-appointed attorney, Kimberly W. Stout, with two privately retained attorneys.[1] As noted in prior orders, and as expressed during a July 9, 2014 hearing, the request comes within weeks of the trial of an extremely complex RICO case with which Ms. Stout has been spending two years familiarizing herself. There are no conflicts, or communication break-downs, between Defendant and his current attorney. She has, from the court's perspective, represented him zealously and effectively thus far, and she has made it abundantly clear that she is ready for trial.

Nonetheless, the court was presented with a stipulation and proposed order to substitute for appointed counsel two retained attorneys who, because of the protective order, had not seen one page of the voluminous electronic discovery. Because no explanation was provided as to why a substitution was warranted, or advised, at this

---

[1]Although at times counsel frames the request as from Byron H. Pitts, individually, it is clear that two attorneys are proposed as counsel, both Mr. Pitts and his associate, Phillip D. Comorski.

stage of the litigation, the court convened a hearing. At the hearing, these two attorneys asserted that they believed they could be ready for trial by September 29. The court expressed the undisputable reality that even the combined efforts of the two attorneys could not replicate the two years of work that Ms. Stout has performed. The court also queried whether these attorneys could adequately prepare for trial in the next few weeks such that their representation could provide constitutionally effective representation. As the court was not persuaded by the presentation at the hearing, the court ordered additional briefing from proposed counsel. Specifically, the court asked counsel to address the court's concerns regarding (1) proposed counsels' ability to be prepared for trial; (2) the possibility that the funds will run out prior to the end of trial, thus creating a situation where another counsel would need to be appointed; and (3) whether the request contemplates any reimbursement of public funds pursuant to 18 U.S.C. § 3006A(f). Additionally, because counsel voluntarily offered to provide such information, the court stated its willingness to hear any assurances that the funds do not come from a source which, in this RICO case, could give rise to the appearance or possibility of conflict of interest between this Defendant and another co-defendant.

Proposed counsel timely responded in a supplemental brief submitted to the court under seal on July 11, 2014. Although some of the court's questions have been answered, the submission fails to alleviate the court's primary concern. First, the court accepts the representation that a family member of Defendant has volunteered to provide funding, to some degree, and that this source does not appear to give rise to any conflict of interest between Defendants and his co-defendants. Second, although

2

counsel cannot say with certainty that the funds will last through the duration of the trial, the court also must accept the representation that they will continue to represent Defendant "to a conclusion." (Supp. Br. at 5.)[2] Finally, the court is satisfied that, should the request be granted, this would not be a case where reimbursement of public funds would be appropriate under 18 U.S.C. § 3006A(f). Yet, with respect to the other, more immediate concern of the court, the submission fails to provide the required support necessary to grant unconditionally this exceptional, last-minute request.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his [defense]." U.S. Const., Am. VI. The Supreme Court has indeed held that "an element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988); *see also Powell v. Alabama*, 287 U.S. 45, 53 (1932) ("It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice"). Nonetheless, the right to counsel of choice "is circumscribed in several

---

[2] This commitment, of course, represents no more than is already required under the court's Local Rules: "An attorney . . . who enters a post-indictment appearance shall continue to represent the defendant until the case is dismissed, the defendant is acquitted, or the direct appeal is completed . . . ." ED Mich LCrR57.1(a). The court's experience, notwithstanding that Rule's expectation, is replete with instances of retained counsel seeking to withdraw because of strained financial arrangements, citing the Michigan Rules of Professional Conduct 1.16 (b)(4) and (5): "[A] lawyer may withdraw from representing a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled [or if] the representation will result in an unreasonable financial burden on the lawyer. . . ."

3

important respects." *Id.* at 144 (quoting *Wheat*, 486 U.S. at 159). Moreover, the right to counsel of choice is not to be conflated with the right to effective assistance of counsel. *Id.* at 146-47. They are two separate rights which must be taken into consideration. In considering the right to counsel of choice, the court has "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar." *Gonzalez-Lopez,* 548 U.S. at 152 (internal citations omitted). Toward that end, the court has an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.* (*quoting Wheat* at 160).

Here, the court is primarily focused on whether proposed counsel could substitute for Ms. Stout and thereafter provide constitutionally effective assistance of counsel. Proposed counsel admits that, because of the protective order, they have not been able to review any discovery and thus they are not in a position to represent to the court that they will be prepared in time for the September trial date. Given the age of this case, and the extent to which public funds have been expended to most efficiently move the first group of defendants to trial, the court will not be granting any further motions to continue absent extraordinary circumstances. A family member suddenly deciding to retain counsel, with no allegation or proof of a breakdown in the existing attorney-client relationship, does not constitute extraordinary circumstances.

Indeed, proposed counsel makes a lukewarm assertion of trial readiness. To be sure, without ability to review the discovery, it is, to say the least, problematic to baldly assert that they can be prepared for trial in two months. And therein lies the trouble: this case is complex, with multiple layers of electronic discovery, most of which has

4

been turned over to Defendants, but some of which is yet to be released. The court and the attorneys have worked cooperatively and diligently to keep this case moving as rapidly, and as reasonably, as possible, taking into account the vast amount of discovery and information necessary to be reviewed, analyzed, distilled, considered, and organized in preparation for this logistically complicated case. Current counsel has been integral in moving this case along expeditiously, and she has represented her absolute readiness for trial–so much so, in fact, she has already begun preliminary drafts of a closing argument, to be used as a building block, or outline, for her case preparation. She is ready. Proposed counsel would have an nearly impossible task to prepare to lead this defense. Based on the submissions of record, the court simply cannot find that they could provide constitutionally effective assistance of counsel without seeking an adjournment of Defendant's trial. And, as stated above, the court will not be adjourning this trial again.

In making this decision, the court is not only balancing the need to manage its docket and to ensure a fair trial, but is also accounting for the absence of any allegation of a breakdown in the relationship between Defendant and his current attorney. This is not a situation where Defendant has strenuously voiced repeated (much less, justified) objections, disagreements, or concerns with the representation provided by his current attorney. Even at the July 9, 2014 hearing, Defendant did not articulate any need to request the withdrawal of his current attorney. It seems that he, or his family members, simply desire additional, or fresh, help. As to that, however, the court can provide some relief. The court will grant the request to substitute, conditionally, or "in part." Proposed counsel will be allowed to operate as co-counsel with Ms. Stout, so long as they are

able to work cooperatively. They will be listed as counsel of record, and they will be allowed access to the discovery materials, subject to the terms of the protective order. Ms. Stout will remain lead counsel, will control the trial strategy and, due to space limitations, will be the only attorney allowed at counsel table. Subject to her sole discretion, she may allow proposed counsel to assist in trial preparation, but they are otherwise specifically instructed to not interfere or impede in her direction of the defense. Beyond that, the court will not allow new counsel to take over a case, without even reviewing the discovery, that has taken years to prepare. Accordingly,

IT IS ORDERED that the request to by Byron H. Pitts and Phillip D. Comorski to *substitute* for Kimberly Stout as counsel of record is DENIED IN PART. The motion is GRANTED IN PART, conditionally: i.e., that Messrs Pitts and Comorski are ADDED as privately retained, co-counsel of record, and may assist in the preparation of the defense under the direction of Ms. Stout.

IT IS FURTHER ORDERED that Ms. Stout will CONTINUE as court-appointed lead counsel, with no change in her status or her compensation from public funds.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 17, 2014, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-20129.WITORT.SubCounselLimited.chd.RHC.wpd