**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.                                    Case No.     11-20129

VINCENT JOHN WITORT (D-8),

    Defendant.
                                        /

**ORDER DENYING MOTION FOR RECONSIDERATION**

On July 17, 2014, the court issued an order granting in part and denying in part a request by Defendant Witort for substitution of counsel. Specifically, the court held that Defendant Witort's court-appointed attorney, Kimberly W. Stout, would continue as lead counsel, but that the proposed substitute attorneys, Byron H. Pitts and Phillip D. Comorski, could operate as co-counsel under Ms. Stout's direction. In so holding, the court considered the implications and import both of Defendant's right to effective assistance of counsel, as well as his right to counsel of choice. Ultimately, the court found that in balancing the right to counsel of choice against the needs of fairness, the court must keep Ms. Stout, who is fully knowledgeable and prepared for trial, as lead counsel. As to the proposed counsel, the court held:

> They will be listed as counsel of record, and they will be allowed access to the discovery materials, subject to the terms of the protective order. Ms. Stout will remain lead counsel, will control the trial strategy and, due to space limitations, will be the only attorney allowed at counsel table. Subject to her sole discretion, she may allow proposed counsel to assist in trial preparation, but they are otherwise specifically instructed to not interfere or impede in her direction of the defense.

(Dkt. # 882, Pg ID 3981.)   Thereafter, Messrs. Pitts and Comorski (collectively, "Retained Counsel") filed a timely motion for reconsideration.  No hearing is needed, and no response is necessary (or even permitted).  E.D. Mich. LR 7.1(h)(2).

To prevail on a motion for reconsideration, the movant "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).  The local rules provide that "[g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  *Id.*

In their motion, Retained Counsel acknowledge that the court underwent the proper inquiry, but argue that if they are not allowed at counsel table and not allowed to participate at trial, then Defendant Witort will be denied his right to counsel of choice.  The court disagrees.  As expressed in its previous order, in order to maintain a fair trial, based on the information presented thus far to the court, it is imperative that Ms. Stout retain her position as lead counsel.  Indeed, nowhere in their motion do Retained Counsel assert that they are prepared to take over the case.  Nowhere in their motion do Retained Counsel assert that they have now reviewed all of the electronic discovery, or at least previewed it, and were in a position to assert they would be ready for trial in September.  Indeed, Retained Counsel appears to assert solely that, regardless of trial readiness, at least one of them must be allowed to sit at counsel table in order to allow Mr. Witort the counsel of his choice.

As stated in the previous order, space is extremely limited in this multi-Defendant trial. Retained Counsel has been allowed to enter the case as co-counsel, able to consult and advise Defendant Witort, review the discovery, and to assist in trial preparation, subject to Ms. Stout's ultimate direction. Defendant Witort will have full access to his Retained Counsel and, should Ms. Stout believe them prepared, they may participate in the trial as well. Likewise, they may attend and participate at every pretrial proceeding. The only restraint the court has placed on them is that they may not sit at counsel table. This restraint is imperative given that the court is already trying to accommodate Government counsel, nine Defendants, nine defense counsel, a defense technology attorney, and the deputy marshals who are assigned to ensure the safety and security of the courtroom. Simply put, the court is at, or even beyond, capacity. Should any Defendants plead guilty and not go to trial, however, space may open for at least one Retained Counsel at counsel table. Moreover, should Retained Counsel believe they are ready for an *unadjourned* trial anytime before the September trial date, the court is willing to entertain a renewed motion for substitution. The court would expect Retained Counsel to assert, at a minimum, that they had reviewed all of the electronic discovery, had thoroughly analyzed the case, and were prepared to take over the case at any moment without reservation or qualification.

Finally, Retained Counsel cites *United States v. Thomas*, No. 98-3851, 2000 WL 799340 (6th Cir. June 8, 2000), for the proposition that the court somehow abused its discretion by not specifically questioning Defendant Witort as to whether there had been a breakdown of the attorney-client relationship. This argument is misplaced. First, in *Thomas*, the court made no inquiry whatsoever into the request for substitution. Here,

the court held a hearing, allowed Retained Counsel to present any argument they desired, and then provided yet another opportunity to submit additional materials in support of their request. Yet, Retained Counsel made no argument that there had been a breakdown in the attorney-client relationship and presented no affidavit or testimony from Defendant Witort to that effect. Even now, Retained Counsel asserts that Defendant Witort may have alleged a breakdown only "upon information and belief," without attaching any affidavit to the motion for reconsideration. (Dkt. # 885, Pg ID 3989.)

Retained Counsel was given ample opportunity to present any information they needed to in support of their request. Retained Counsel first represented, in a conference outside the presence of Defendant Witort, that they could work cooperatively with Ms. Stout. (Dkt. # 888, Pg ID 4002-03.) The court then repeated this representation in the presence of Defendant Witort. (*Id.*, Pg ID 4003-04.) This representation is completely inconsistent with Retained Counsel's current representation that, if asked, Mr. Witort would have indicated that there had been a breakdown in the attorney-client relationship. Indeed, during the hearing, the court stated that there did not appear to be any conflict, or irreconcilable differences, between Defendant and Ms. Stout. (*Id.*, Pg ID 4008-09.) In response, Mr. Pitts stated, at the most, that there had been some decisions Ms. Stout made about which Defendant Witort was unhappy, but that Defendant Witort was "casting no aspersions" on Ms. Stout. (*Id.*, Pg. ID 4012-13.) If Mr. Pitts wanted to present any evidence of a breakdown in communications, it was his responsibility to do so. He did not. Nor does the court perceive any. For these reasons, and those further discussed in the court's

4

July 17, 2014 order, the court is persuaded that Ms. Stout should remain as lead counsel. No palpable defect in the court's previous order has been identified. Accordingly,

IT IS ORDERED that Retained Counsel's "Motion for Reconsideration" [Dkt. # 885] is DENIED.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 11, 2014, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522