**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 11-20129
    Case No. 11-20006

VINCENT WITORT,

    Defendant.
_____/

**ORDER OVERRULING DEFENDANTS'**
**OBJECTION TO CAUTIONARY INSTRUCTION**

Before the court is Defendant Vincent Witort's "Objection to Cautionary Instruction," filed on the docket the evening of November 3, 2014, and objecting to a cautionary instruction that had been given to the jury that morning. The objection complains about the substance of the instruction and seeks "a slight modification of the curative instruction." The objection is overruled, and any possible modification is moot for an instruction that is already delivered and unlikely to be repeated.

As has been discussed extensively on the record, Defendant Witort's attorney, Ms. Stout, asked an improper question during her cross-examination of Defendant Daniel Burby. Her question (1) referred to details of a conviction over ten years old and (2) assumed and stated certain detail which was unequivocally incorrect. Appearing to read from a document, she asked the witness if were not true that he had used a knife to "slit somebody's throat" and, after a brief pause (reflected in the transcript with an em dash), continued, "or nose or something." (Tr. IX, pg. 187.) She argues that the "door had been opened" by government direct examination implying that the only violence the

witness had experienced was within the DDMC organization. The court disagrees. There was no such testimony, either direct or implied. The door had not been opened to question the witness on the even the *fact* of a twenty-year-old conviction —let alone the purported, but misstated, *details.* The manner in which her question was posed, taking into account cadence and inflection, left a strong implication that there was in the document from which she was reading a report that the witness had slit someone's throat with a knife. This was simply not true, and wholly unsupported.[1] A curative instruction was necessary.

    The court solicited and received proposals from both Ms. Stout and the Government, and then formulated a court-proposed version incorporating elements of both. The court then conducted a brief conference with the attorneys and allowed them to provide further suggestions. The court *then* reconvened on the record, and heard *more* argument from counsel on the issue, before finally instructing the jury. This issue has been fully addressed. Counsel have been heard. The court took pains in its instruction to cure Ms. Stout's error in a manner that did not in any manner question her motive or credibility as an attorney. The court pointed out that she was wrong to get into this area in the first place (she was), that she misstated the facts (she did), but *that the court assumed it was inadvertant* (it does).

---

[1] The relevant presentence report indicates that the witness "slit or mutilated" a person's "nose or lips," but whatever happened appears to have occurred during a fight, possibly involving biting. There is no mention of a knife. There is no mention of anyone's throat being slit. The court takes account of the current state of affairs in the Middle East that includes daily reports of terroristic acts, mass murders, beheadings, and the like. To use a phrase such as "slit someone's throat," albeit mistakenly, is inherently inflammatory, and more than ordinarily so today. Even if true, its admissibility would be doubtful under Rule 403.

The court provided counsel with abundant opportunity to help fashion the curative instruction. One the record, she declined. The court is satisfied that the final version does not, as counsel now suggests, deny Defendants a fair trial. For these reasons, and for those further stated on the record,

IT IS ORDERED that Defendants' "Objection to Cautionary Instruction" (Dkt. # 1081) is OVERRULED.

     S/Robert H. Cleland  
     ROBERT H. CLELAND  
     UNITED STATES DISTRICT JUDGE

Dated: November 12, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 12, 2014, by electronic and/or ordinary mail.

     S/Lisa Wagner  
     Case Manager and Deputy Clerk  
     (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-20129.WITORT.Objection.RHC.wpd